UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHONATHAN MEKER PALOMINO CASALLO (A# 240-330-576),<br><br>Petitioner,<br><br>v.<br><br>TAE D. JOHNSON, et al.,<br><br>Respondents. | No.  1:26-cv-02206 TLN SCR<br><br><br>ORDER |

Petitioner, a federal immigration detainee, filed this habeas corpus action pro se through next friend Erica Nicole Ventura pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In limited circumstances, a "next friend" may be permitted to file a habeas action on behalf of another individual.  28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.") (emphasis added).  But to proceed as a "next friend" on a habeas petition, the "next friend" must be represented by counsel.  Pro se litigants have no authority to represent anyone other than themselves.  See Cheema v. Warden, No. 1:26-cv-0203 DC DMC, 2026 WL 124841, at *2 (E.D. Cal. Jan. 16, 2026) (citing Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) and Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008)).

While the undersigned is inclined to grant petitioner's motion to appoint counsel (ECF

1

No. 3), it is apparent from the record that petitioner is within the 90-day "removal period" following the entry of a final order of removal in which detention is mandatory.  See 8 U.S.C. § 1231(a)(1)-(2).  Petitioner's removal order (ECF No. 10 at 9-10) became administratively final on February 20, 2026, after the expiration of the deadline to appeal to the BIA.  See Ocampo v. Holder, 629 F.3d 923, 926 (9th Cir. 2010) (an order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order.") (citing 8 U.S.C. § 1101(a)(47)(B)).  Thus, the 90-day removal period began on that date and ends on or around May 21, 2026.  See 8 U.S.C. § 1231(a)(1)(B)(i).

"If the [noncitizen] does not leave or is not removed within the removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."  8 U.S.C. § 1231(a)(3).  ICE "may" only continue to detain the noncitizen after the 90-day removal period under certain circumstances, including when the noncitizen is removable on grounds of being convicted of certain criminal offenses.  8 U.S.C. § 1231(a)(6).

Accordingly, the undersigned hereby stays petitioner's motion for appointment of counsel pending the duration of the 90-day removal period.  In addition, respondents are directed to file a status report no later than May 28, 2026, indicating whether petitioner has been released or his detention is continuing pursuant to 8 U.S.C. § 1231(a)(6).  The undersigned will issue further orders as appropriate upon submission of the status report.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Petitioner's motion to appoint counsel (ECF No. 3) is STAYED pending the duration of the 90-day removal period.  8 U.S.C. § 1231(a)(1)(A).

2.      No later than May 28, 2026, respondents shall file a status report indicating whether petitioner has been released or his detention is continuing pursuant to 8 U.S.C. § 1231(a)(6).

DATED: April 10, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2