UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JHONATAN MEKER PALOMINO CASALLO (A# 240-330-576),<br><br>Petitioner,<br><br>    v.<br><br>TAE D. JOHNSON et al.,<br><br>Respondents. | No.  1:26-cv-02206 TLN SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who, through a next friend, filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  Chief District Judge Nunley referred the case to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).  ECF No. 11.

On March 20, 2026, Judge Nunley sua sponte ordered respondents not to transfer petitioner out of this judicial district.  ECF No. 6.  On April 11, 2026, Judge Nunley granted petitioner's motion for temporary restraining order (TRO) that similarly sought to prevent petitioner's transfer during the pendency of this action.  No. 11.

On April 17, 2026, petitioner filed an emergency motion to stay removal.  ECF No. 15. On April 22, 2026, respondents filed a motion to dissolve Judge Nunley's no-transfer orders, which also served as an opposition to petitioner's motion to stay removal (ECF Nos. 6, 11).  ECF No. 16.  Respondents maintain that because Peru is a part of the Electronic Nationality

1

Verification ("ENV") program and has agreed to accept all individuals whose nationality is identified through the system as Peruvian, petitioner can be removed within a week but for Judge Nunley's orders.  Declaration of C. Rivera, ¶¶ 16-19, ECF No. 16 at 5.

As noted in the undersigned's order dated April 14, 2026, petitioner is currently subject to mandatory detention during the 90-day removal period, 8 U.S.C. § 1231(a)(1)-(2), which ends on or around May 21, 2026.  ECF No. 14.  The INA states that the Attorney General "shall remove" the noncitizen from the United States within this 90-day period.  8 U.S.C. § 1231(a)(1)(A).  In light of this statutory mandate, as well as respondents' representation that petitioner's deportation is imminent but for the Court's no-transfer orders (ECF No. 6, 11), the undersigned recommends that those orders be lifted.  See Hernandez v. Becerra, No. 1:26-cv-0001 JLT FJS (HC), 2026 WL 820935, at *2 (E.D. Cal. Mar. 25, 2026) (granting motion to lift stay of removal where receiving country participated in ENV), amended order adopting findings and recommendations, No. 1:26-cv-0001 JLT FJS (HC), 2026 WL 979677 (E.D. Cal. Apr. 10, 2026).

By extension, the undersigned recommends that petitioner's emergency motion to stay removal (ECF No. 15) be denied.  Petitioner's emergency motion, filed by a next friend, alleges that, "Petitioner was denied a meaningful opportunity to appeal his removal order[.]"  ECF No. 15 at 3.  However, petitioner does not explain how he was denied such an opportunity.  To the contrary, the record presented by respondents shows that petitioner was represented by counsel on a request for reconsideration of the removal order and that petitioner reserved appeal, but that petitioner never filed such an appeal.  ECF No. 16 at 21-29.  Nor has petitioner indicated that he has been unable to file a motion to reopen his removal proceedings or seek a stay of removal from the Board of Immigration Appeals.  A petition for review of a removal order (or of a denial of a motion to reopen) is the statutorily-prescribed method for petitioner to obtain judicial review of his removal order.  See 8 U.S.C. §§ 1252(a)(5), 1252(b)(9); see also Bonilla v. Hermosillo, No. 2:25-cv-02196, 2025 WL 3237854, *3 (W.D. Wash. Nov. 19, 2025) (noting that § 1252(a)(5) and § 1252(b)(9) "'channel claims into the petition-for-review process,' and give judicial review of a final removal order solely to the circuit courts.") (quoting Ibarra-Perez v. United States, 154 F.4th 989, 999 (9th Cir. 2025).  Moreover, 8 U.S.C. § 1252(g), provides, in part, "*notwithstanding any*

2

*other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision,* … no court shall have jurisdiction to hear any cause or claim by or on behalf of any [non-citizen] arising from the decision or action by the Attorney General to … execute removal orders against any [non-citizen] under this chapter." (Emphasis added.) On the record presented, the Court lacks jurisdiction to stop petitioner's removal.[1]

Respondent is advised that these recommendations do not disturb the undersigned's prior order directing respondents to file a status report no later than May 28, 2026, indicating whether petitioner has been removed or remains in detention. ECF No. 14.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Respondent's motion to dissolve the Court's no-transfer orders (ECF No. 16) be GRANTED.

2.    The Court's no-transfer orders (ECF Nos. 6, 11) be LIFTED.

3.    Petitioner's emergency motion to stay removal (ECF No. 15) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

---

[1] Petitioner has not explained how he has been prevented from availing himself of the statutory procedures for seeking judicial review of his removal order. Accordingly, there is no basis on the current record for the Court to conclude that those procedures are unavailable to petitioner such that the Due Process Clause or the Suspension Clause might allow this court to exercise habeas jurisdiction as a last resort. See I.N.S. v. St. Cyr, 533 U.S. 289, 300 (2001) ("Because of [the Suspension] Clause, some 'judicial intervention in deportation cases' is unquestionably 'required by the Constitution.'") (quoting Heikkila v. Barber, 345 U.S. 229, 235 (1953)).

3

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE